IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **TERENCE BROOKS** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 93 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | |
| **P.O. T. DAVEY Star No. 3361,** | ) | Magistrate Judge Valdez |
| **P.O. C. SAVICKAS Star No. 5991,** | ) | |
| **P.O. R. STEGMILLER Star No. 18764,** | ) | |
| **individually, and the CITY OF CHICAGO** | ) | |
| | ) | |
| Defendants, | ) | JURY DEMAND |

## FIRST AMENDED COMPLAINT

NOW COMES plaintiff, TERENCE BROOKS, by and through his attorneys, Ed Fox & Associates, and, complaining against defendants, states as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Terence Brooks ("Plaintiff") was and now is a citizen of the United States.

4. At all times herein mentioned, Defendant P.O. T. DAVEY Star No. 3361 ("Davey") or ("Individual Defendant") was a member of the City of Chicago Police Department,

1

and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in his/her individual/personal capacities.

5. At all times herein mentioned, Defendant P.O. C. SAVICKAS Star No. 5991 ("Savickas") or ("Individual Defendant") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in his/her individual/personal capacities.

6. At all times herein mentioned, Defendant P.O. R. STEGMILLER Star No. 18764 ("Stegmiller") or ("Individual Defendant") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in his/her individual/personal capacities.

7. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department and the Chicago Public Housing Authority.

## FACTUAL ALLEGATIONS

8. On May 18, 2004 at or around 1:00 p.m., Plaintiff was walking on the 3500 block of S. Rhodes Street in Chicago, Illinois when defendants Davey, Savickas, and Stegmiller unlawfully seized Plaintiff.

9. The individual defendants then grabbed Plaintiff, threw him to the ground, pulled his pants down, and searched around the waistband of his underwear. Officers hit Plaintiff in the jaw, using excessive force. Plaintiff was seized and arrested without probable or legal cause.

10. Plaintiff did not consent to being seized, searched or hit.

11. Plaintiff was falsely charged with the unlawful possession of a controlled substance. In fact, Plaintiff was not in possession of any controlled substance.

12. Plaintiff was confined until his release from confinement for approximately three weeks after being seized.

13. The charges against Plaintiff were then dismissed.

14. Thereafter, on July 8, 2004, an indictment was issued against Plaintiff arising out of his May 18, 2004, arrest.

15. Plaintiff is informed and believes that he had been sent a letter of notice of the indictment by the court. Plaintiff did not receive this letter informing him of the indictment, and therefore did not know that he was expected to appear in court on July 22, 2004. When Plaintiff did not appear in court, a warrant was issued against Plaintiff on that day.

16. On May 7, 2007, Plaintiff was arrested because of the outstanding warrant referenced in the preceding paragraph. This arrest was caused by defendants Davey, Savickas, and Stegmiller and based upon the same crime Plaintiff allegedly committed on May 18, 2004.

17. This May 7, 2007, arrest was unlawful in that there was no probable cause; Plaintiff had committed no crime.

18. Plaintiff was prosecuted for being in possession of a controlled substance. This was false and there was no legal cause to prosecute Plaintiff.

19. On August 16, 2007, Plaintiff's public defender filed a motion to quash the May 18, 2004, arrest of Plaintiff. As stated in Plaintiff's motion to quash, the defendants arrested Plaintiff after allegedly working off of a tip alleging criminal activity without any indicia of reliability and from an unknown, unidentified, and unverified informant. The motion to quash further explains

that the defendants arrested Plaintiff without independently verifying any indication of criminal activity. Plaintiff's motion to quash the May 18, 2004, arrest was granted.

20. After the motion to quash arrest and suppress the evidence was granted, the prosecution *nolle prossed* the charges against Plaintiff on October 22, 2007. Plaintiff was then released after having been incarcerated for over five months, from May 9, 2007 to October 22, 2007.

21. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, lost wages and benefits, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR FALSE ARREST**

24. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

25. There was no probable cause for the arrests of Plaintiff on May 18, 2004 and, therefore, on May 7, 2007.

26. By reason of the defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The arrest of Plaintiff on May 7, 2007, was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST ALL DEFENDANTS FOR STATE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

29. The defendants maliciously commenced and caused to be continued a criminal action against the Plaintiff without probable cause for the institution and continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

30. Defendants facilitated this malicious prosecution by various actions, including but not limited to, fabricating police reports, evidence, and by creating false criminal complaints.

31. The criminal proceedings were terminated in the plaintiff's favor on or after October 22, 2007.

32. The City of Chicago is liable to Plaintiff for the acts of the defendants pursuant to the doctrine of *respondeat superior.*

33. Therefore, Defendants and each of them are liable to Plaintiff under the state supplemental claim of malicious prosecution.

## COUNT III

### PLAINTIFF AGAINST ALL DEFENDANTS FOR STATE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT

34. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-three (23) hereat as though fully alleged at this place.

35. The defendants committed the tort of false imprisonment when they confined Plaintiff without legal cause from May 7, 2007 to October 22, 2007.

36. The City of Chicago is liable to Plaintiff for the acts of the defendants pursuant to the doctrine of *respondeat superior.*

37. As a result of these acts and/or omissions, Plaintiff was damaged, and the defendants and each of them are liable under the state supplemental claim of false imprisonment.

## COUNT IV

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR VIOLATION OF CIVILI RIGHTS – DUE PROCESS VIOLATIONS

38. Plaintiff hereby incorporates and realleges paragraphs 1 - 23, as though set forth herein in their entirety.

39. The defendants deprived plaintiff Brooks of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, perjuring themselves, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial.

40. The acts described in the preceding paragraph were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

41. By reason of the conduct of the individual defendants, plaintiff Drain was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, TERENCE BROOKS, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against each defendant on all claims:

1. That the Defendants be required to pay the Plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay the Plaintiff special damages in a sum to be ascertained;

3. That the Individual Defendants be required to pay the Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count III);

4. That the Individual Defendants be required to pay the Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay the Plaintiff costs of the suit herein incurred; and

      6.    That the Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: April 28, 2008                BY: /s/ Edward M. Fox
                                                    Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

                                                    /s/ Edward M. Fox
                                                    Edward M. Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877