IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 93 |
| ) | |
| P.O. T. DAVEY, P.O. SAVICKAS, P.O. ) | |
| R. STEGMILLER, individually, and the ) | |
| CITY OF CHICAGO ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terence Brooks has filed the first amended complaint ("the complaint") against defendant police officers T. Davey, C. Savickas, and R. Stegmiller, as individuals, and their employer, the City of Chicago (collectively "defendants"). The complaint alleges violations of 42 U.S.C. § 1983 and state law. Defendants have filed a motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). For the following reasons, the motion is granted.

I.

Plaintiff alleges he was unlawfully seized by defendant officers on May 18, 2004 when they grabbed him, threw him to the ground, pulled down his pants, and searched the waistband of his underwear. Plaintiff alleges the officers used excessive force and acted without probable cause. Subsequently, plaintiff claims he was falsely charged with the unlawful possession of a controlled

substance and confined for approximately three weeks. At some point, the charges against plaintiff were dismissed.

According to the complaint, an indictment was issued against plaintiff on July 8, 2004. This indictment is alleged to have arisen out of his May 18, 2004 arrest. Plaintiff alleges he was never given notice of the indictment and therefore failed to appear in court on July 22, 2004. As a result of plaintiff's failure to appear, a warrant was issued against plaintiff on that date ("2004 warrant"). On May 7, 2007, plaintiff was arrested on the 2004 warrant. The state eventually dropped the charges against plaintiff on October 22, 2007. Plaintiff had been imprisoned for over five months at that point.

Plaintiff is alleging false arrest under § 1983 (count I), malicious prosecution under state law (count II), false imprisonment under state law (count III), and due process violations under § 1983 (count IV).

## II.

In assessing defendants' motions to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). I must view the allegations in the light most favorable to plaintiffs. *Id*. Under Rule 12(b)(6) "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127

S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

### III.

Defendants move to dismiss count I on the ground that it is time barred. For a § 1983 false arrest claim arising in Illinois, the applicable statute of limitations is two years. 735 ILCS 5/13-202 (2008). A § 1983 false arrest claim accrues "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 127 S. Ct. 1091, 1100 (2007); *see also Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998) ("For false arrest, the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings.")

Plaintiff seeks to recover in count I for his 2007 arrest. Specifically, the complaint alleges that plaintiff's 2007 arrest was unlawful because there was no probable cause for his original 2004 arrest. According to plaintiff, the lack of probable cause for his arrest in 2004 invalidates the subsequent indictment and warrant against plaintiff, and ultimately the 2007 arrest.

Plaintiff's action is time barred. Although plaintiff purports to recover for the 2007 arrest, his claim hinges entirely on the propriety of the 2004 arrest, which is outside the limitation period. In other words, the 2007 arrest is part of the "later proceedings" that are irrelevant for purposes of determining this claim's accrual date. *Wallace,* 127 S. Ct. at 1096 ("If there

is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of the judicial process rather than detention itself.") (quotations omitted); *see also Webb v. City of Joliet*, No. 03 C 4436, 2004 WL 1179413, at *2 (N.D. Ill. May 26, 2004) (rejecting argument that statute of limitations began to run on the date of the last of a series of arrests even though plaintiff alleged these were a continuing violation). As alleged in the complaint, the 2007 arrest was based on the warrant issued as a result of the subsequent proceedings arising from the 2004 arrest. It is not actionable as a false arrest claim because the arrest ended when plaintiff's legal process began in 2004. *See Wallace*, 127 S. Ct. at 1096-97; *see also Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Accordingly, the motion to dismiss count I is granted.

Defendants move to dismiss count IV, the only remaining federal claim, on the ground that plaintiff's due process claim is an attempt to recast his untimely false arrest claim. Under *McCann v. Mangialardi*, 773 F.3d 782 (7th Cir. 2003), a plaintiff cannot state a claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.* at 786.

4

This is exactly what plaintiff has done here: combine his untimely unlawful arrest claim with a state law malicious prosecution claim. Moreover, plaintiff fails to attempt to distinguish, or even address, *McCann* in his response brief. Accordingly, the motion to dismiss count IV is granted and I decline to exercise supplemental jurisdiction over the remaining state law claims (counts II-III).

IV.

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's state law claims (counts II-III) are dismissed without prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 6, 2008